UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROK ENTERTAINMENT GROUP, INC.   :   Case No. 1:11-cv-02728 (DAB)
                                                          :   ECF CASE
                Plaintiff,   :
                                        :
  -against-   :
                                          :   **DECLARATION OF**
LAURENCE ALEXANDER,   :   **LAURENCE ALEXANDER**
                                          :   **IN SUPPORT OF**
                Defendant.   :   **MOTION TO DISMISS**
-------------------------------------------------------X

I, Laurence Alexander, do hereby declare as follows:

       1.     I am the defendant in this action, and make this Declaration in support of my motion to dismiss the Complaint.

       2.     I am not a resident of New York, nor have I ever owned real property in New York. My primary residence is in Dubai, in the United Arab Emirates.

       3.     I do not have an office or place of business in New York. I do not solicit or transact business in New York.

       4.     I do not have any bank accounts, investment accounts, or other assets in New York.

       5.     According to the Contract of Employment attached as Exhibit A to the Complaint (the "Contract"), my former employer, ROK Productions Limited, was a company that was registered in the United Kingdom. The Contract was executed in the United Kingdom, and ROK Productions Limited was located in the United Kingdom. The Contract expressly provides, in paragraph 43, that it is to be governed by the laws of England and Wales.

6. In accordance with the Contract, I worked in the United Kingdom from in or about June 2007 until the latter part of 2008.

7. I resigned from ROK Productions Limited in the latter part of 2008 because my employer had ceased paying me the wages and other benefits that I was entitled to receive in accordance with the Contract, and went into administration (bankruptcy). To the best of my knowledge, ROK Productions Limited ceased doing business in or about October 2008.

8. Prior to the commencement of this lawsuit against me, I was not aware that the plaintiff ever had an office or conducted business in New York. To the best of my knowledge, plaintiff does not in fact have a place of business in New York, contrary to the allegation contained in paragraph 8 of the Complaint.

9. In September 2008, I had two meetings with SAB Holdings on behalf of my former employer, ROK Productions Limited. Neither meeting took place in New York.

10. In January 2009, several months after I resigned from ROK Productions Limited, a representative from SAB Holdings contacted me to discuss an employment opportunity. I met with SAB Holdings shortly thereafter to discuss that opportunity. I never had any meetings or conversations in New York with any representatives of SAB Holdings regarding employment opportunities or any other subject.

11. To the best of my knowledge, SAB Holdings conducts no business in New York, nor has it ever competed with the plaintiff.

12. I have never had any meetings or conversations in New York with any of the plaintiff's former employees about employment opportunities with SAB Holdings.

13. I have never had any expectation that any of my conduct would have consequences on the plaintiff in New York, as I was not aware that the plaintiff had an office in New York or that the plaintiff was doing business in New York.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2011

_____
LAURENCE ALEXANDER

3

1030167v3

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2011, a copy of the foregoing Declaration of Laurence Alexander in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Andrew M. Zeitlin
                                                Andrew M. Zeitlin (AZ0026)